UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

        v.                               CAUSE NO. 3:25-CV-556-GSL-JEM

SMITH, et al.,

    Defendants.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baggett alleges that, on July 9, 2024, he stepped into the hallway after being called to move to a different housing unit. Lt. Smith and Sgt. Ackright were in the hall. They would not allow him to put on a shirt or shoes and escorted him in the rain to his

new housing unit.[1] When they arrived at the new location, the officer sprayed Baggett in the face with mace. He was placed in a cell, but Lt. Smith held Baggett's wrists through the cuff port. Sgt. Ackright "chopped" down on them until Baggett heard a crack. Baggett tried to pull his arms in. The officers laughed and left him in the cell bleeding and without medical attention. Baggett seeks monetary damages and asks to be transferred to another prison.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Baggett the benefit of all favorable inferences, he has stated an excessive force claim against Lt. Smith and Sgt. Ackright.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth

---

[1] Baggett also notes that he was not provided with a wheelchair or walker during the transport, but he does not explain why he would need a wheelchair or walker. Without more details, the failure to provide Baggett with these assistive devices does not state a claim.

Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Giving Baggett the benefit of all favorable inferences, he has stated a claim against Lt. Smith and Sgt. Ackright for deliberate indifference to his medical needs following the alleged use of excessive force on July 9, 2024.

As a final matter, Baggett seeks to be transferred to another facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Lt. Smith and Sgt. Ackright in their individual capacities for compensatory and punitive damages for

3

using excessive force against Baggett on July 9, 2024, in violation of the Eighth Amendment;

(2) GRANTS Delashun Baggett leave to proceed against Lt. Smith and Sgt. Ackright in their individual capacities for compensatory and punitive damages for deliberate indifference to Baggett's serious medical needs on July 9, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Smith and Sgt. Ackright at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Smith and Sgt. Ackright to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 22, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT