UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, <br><br> Plaintiff, <br><br> v. <br><br> SMITH, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-556-GSL-JEM |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint. ECF 40. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). The amendment will not result in undue delay, and the defendants will not be unduly prejudiced by the amendment. Accordingly, the court will allow the amendment.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. "Even pro se litigants are obliged to follow procedural rules." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 n.2 (7th Cir. 2019). Baggett's amended complaint omits details regarding the incident giving rise to this case that are essential to understanding what occurred. He could be required to file a more complete amendment, however, in the interests of justice and efficiency, the court will review Baggett's earlier complaint (ECF 1) in conjunction with his amended one (ECF 40) to determine whether he has stated any additional claims.

Baggett alleged in his original complaint that, on July 9, 2024, he stepped into the hallway after being called to move to a different housing unit. Lt. Smith and Sgt. Ackright were in the hall. They would not allow him to put on a shirt or shoes and escorted him in the rain to his new housing unit.[1] When they arrived at the new location, the officer sprayed Baggett in the face with mace. He was placed in a cell, but Lt. Smith held Baggett's wrists through the cuff port. Sgt. Ackright "chopped" down on

---

[1] Baggett also notes that he was not provided with a wheelchair or walker during the transport, but he does not explain why he would need a wheelchair or walker. Without more details, the failure to provide Baggett with these assistive devices does not state a claim.

2

them until Baggett heard a crack. Baggett tried to pull his arms in. The officers laughed and left him in the cell bleeding and without medical attention. Baggett sought monetary damages and asked to be transferred to another prison.

The court concluded that these allegations state an excessive force claim against both Ackright and Smith:

> The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Baggett the benefit of all favorable inferences, he has stated an excessive force claim against Lt. Smith and Sgt. Ackright.

ECF 4 at 2.

The court also allowed Baggett to proceed against Ackright and Smith for deliberate indifference to his serious medical needs:

> Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). Giving Baggett the benefit of all favorable inferences, he has stated a claim against Lt. Smith and Sgt. Ackright for deliberate indifference to his medical needs following the alleged use of excessive force on July 9, 2024.

*Id.* at 2-3.

The court did not allow Baggett to proceed on a claim for injunctive relief in the form of a transfer to another facility.

> As a final matter, Baggett seeks to be transferred to another facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here do not warrant an intrusion upon that discretion.

*Id.* at 3.

In the amended complaint (ECF 40) Baggett provides fewer details about the attack on July 9, 2024, but he alleges that he was attacked again by Ackright. He provides no details whatsoever about this attack. He also notes that he is not aware of any disciplinary actions taken against Ackright or Smith based on this incident. Baggett was, however, disciplined. He was placed in "the whole" and he alleges that he was attacked by coworkers of Ackright and Smith because he reported the July 9, 2024, incident. ECF 40 at 2.

Baggett has added the warden as a defendant, noting that the warden knew about the July 9, 2024, attack because Baggett filed grievances and request slips about it, and he "did nothing." *Id.* There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir.

4

2012). There are not factual allegations in the amended complaint from which it can be plausibly inferred that Warden English facilitated, approved, condoned, or turned a blind eye to any violation of Baggett's constitutional rights. Therefore, Baggett may not proceed against Warden English in his individual capacity.

Baggett seems to believe he is entitled to have Ackright and Smith investigated and punished for what they did. He does not have a constitutional right to force an investigation into the officers' alleged wrongdoing. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction").

Baggett is also suing Warden English and the IDOC Commissioner in their official capacities. He seeks a transfer to another facility and "real medical treatment." ECF 40 at 3. Baggett is proceeding against Ackright and Smith in this case because they did not secure medical care for him immediately following his injuries. If Baggett has claims against medical defendants for inadequate care once they became aware of his injuries, then those need to be brought in another

5

case. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, he will not be allowed to proceed on a claim for injunctive relief in the form of medical treatment in this action. His request for a transfer was addressed in this court's prior screening order, and he has provided no additional facts that would change that analysis. Therefore, he may not proceed against Warden English or the IDOC Commissioner in their official capacities.

Therefore, Baggett will be permitted to proceed on the same claims that were allowed when his original complaint was screened. There is, however, one more matter that must be addressed. Baggett initially sued "Lt. Smith" without providing a first name. Chad Smith was served and appeared, but he contends that he is not the proper party because he did not work at the facility at the relevant time. Michael Smith has also appeared and filed an answer. Baggett was given until December 18, 2025, to file a notice indicating whether he intended to sue Chad Smith or Michael Smith. He did not respond, and the amended complaint makes no effort to clarify this, listing this party only as "Smith." ECF 40 at 1. Baggett will therefore be ordered to show cause why Chad Smith should not be dismissed from this action.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Smith and Sgt. Ackright in their individual capacities for compensatory and punitive damages for using excessive force against Baggett on July 9, 2024, in violation of the Eighth Amendment;

(2) GRANTS Delashun Baggett leave to proceed against Smith and Sgt. Ackright in their individual capacities for compensatory and punitive damages for deliberate indifference to Baggett's serious medical needs on July 9, 2024, in violation of the Eighth Amendment;

(3) ORDERS Delashun Baggett to SHOW CAUSE by **February 27, 2026**, why <u>Chad **Smith**</u> should not be DISMISSED from this action as inadvertently served and CAUTIONS him that, if he does not respond, Chad Smith will be dismissed from this action, leaving Michael Smith as a defendant;

(4) DISMISSES all other claims;

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), that Smith and Sgt. Ackright respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 10, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT